**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **James Mitchell, Sr., Board of Trustees Chairman and James Loftis, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND;** | ) | |
| **Shawn Solner, Board of Trustees Co-Chairman and Penny Eades, Board of Trustees Co-Chairman, on behalf of the FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 91;** | ) | |
| | ) | **CASE NO. 2:16-cv-509** |
| **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | |
| **RLS SPECIALIZED CONSTRUCTION,** | ) | |
| **Defendant.** | ) | |

Plaintiffs **James Mitchell, Sr., Board of Trustees Chairman, and Jim Loftis, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; Shawn Solner, Board of Trustees Co-Chairman, and Penny Eades, Board of Trustees Co-Chairman, on behalf of the FINSHING TRADES INSTITUTE OF DISTRICT COUNCIL 91**; and **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **RLS SPECIALIZED CONSTRUCTION,** stating as follows:

**<u>COUNT I</u>**

**1.** This action arises under and jurisdiction resides with this Court pursuant to the

Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and is brought by Plaintiffs **James Mitchell, Sr., Board of Trustees Chairman, and Jim Loftis, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND;** and **Shawn Solner, Board of Trustees Co-Chairman, and Penny Eades, Board of Trustees Co-Chairman, on behalf of the FINSHING TRADES INSTITUTE OF DISTRICT COUNCIL 91** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **RLS SPECIALIZED CONSTRUCTION** ("RLS") to Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant RLS to pay the delinquent contributions for the period of January 1, 2015 through December 1, 2016 to the Plaintiffs Trust Funds. Plaintiffs Trust Funds also seek an order directing RLS to pay any liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

**2.** Plaintiffs Trust Funds' Trustees are fiduciaries within the meaning of and subject to ERISA as said Trust Funds are employee benefit funds within the meaning of and subject to ERISA. Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district.

**3.** At all times material herein, Defendant RLS has employed employees within this judicial district.

**4.** At all times material herein, RLS has been signatory to a collective bargaining agreement with Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO, and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust.

**5.** Defendant RLS breached the Trust Agreements identified in Paragraph 4 of this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to pay the delinquent contributions and contractually required interest and liquidated damages owed for the period of January 1, 2015 through December 1, 2016 to the Plaintiffs Trust Funds.

**6.** Despite Plaintiffs Trust Funds' requests, Defendant RLS has failed to pay the contractually and statutorily required monies.

**7.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

**1.** Defendant RLS pay the delinquent contributions, plus interest and liquidated damages owed for the period of January 1, 2015 through December 1, 2016 to Plaintiffs Trust Funds;

**2.** Defendant RLS pay statutory post-judgment interest on all principal contributions found due by this Order;

**3.** Defendant RLS pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

**4.** Such other and further relief that this Court may find just and proper be entered against Defendant RLS.

## <u>COUNT II</u>

**1.** Plaintiff **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** ("Union") is a labor organization whose duly authorized officers or agents are

engaged in representing or acting for employee members working within this judicial district.

**2.** At all times material herein, Defendant **RLS SPECIALIZED CONSTRUCTION (**"RLS") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

**3.** This Court has jurisdiction of this action pursuant to Section 301(c) of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185(c) ("LMRA").

**4.** At all times material herein, Defendant RLS has been a signatory to a collective bargaining agreement with the Union. Included among the contractual obligations between the parties is the requirement that Defendant RLS make certain payroll deductions and contributions to the Union's designee. Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, etc.) incurred in enforcing the payroll audit requirement and in collecting delinquent monies, interest and liquidated damages are to be paid by a signatory contractor refusing to make such payment and/or permit the audit.

**5.** Defendant RLS breached its contractual obligations to the Union by failing to pay the payroll deductions for the period of January 1, 2015 through December 1, 2016, plus interest and liquidated damages owed thereon.

**6.** Despite the Union's request, Defendant RLS has failed to pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

**1.** Defendant RLS pay the delinquent deductions, interest and liquidated damages owed for the above said period to the Plaintiff Union;

**2.** Defendant RLS pay statutory post-judgment interest on all principal deductions

found due by this Court;

**3.** Defendant RLS pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

**4.** Such other and further relief that this Court may find just and proper be entered against Defendant RLS.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By /s/ Paul T. Berkowitz
**PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID: 19025-49